**Gilbert v. Wohl**

*Allen H. Krause,* for plaintiff.

*Thomas A. Ehrgood,* of *Ehrgood & Ehrgood,* for defendant.

GATES, P. J., July 18, 1972.—Plaintiff filed a complaint in assumpsit on May 2, 1972, averring that plaintiff's assignor had a verbal agreement with defendant. Under the terms of the agreement, defendant would be entitled to a finder's fee, the amount of which was dependent upon the successful sale of stock of a corporation. One of the terms of the agreement was that defendant would not be entitled to any

fee unless a minimum of 6,000 shares of stock were sold. An additional term of the original agreement or a subsequent agreement provided that defendant was advanced $2,000 on account of his fee, which was to be returned if the stock offering was unsuccessful.

The stock offering was unsuccessful, demand was made for the repayment of the advancement but defendant refused to return the $2,000.

On May 12, 1972, defendant filed preliminary objections in the nature of a motion for more specific pleadings. It is these objections that are before us for disposition.

The thrust of defendant's only objections worthy of consideration are that the complaint fails to state the time and place of the making of the agreement or agreements. The other objections call upon plaintiff to plead evidence. This is never required: Mountz v. Lebanon County, 45 D. & C. 2d 355; Wixon v. Keller Bros. Motor Co., 9 Leb. Leg. J. 32 (1962); 2 Anderson Pa. Civil Practice, p. 485.

Pennsylvania Rule of Civil Procedure 1019 requires a pleader to set forth the material facts on which a cause of action is based in a concise and summary form. Furthermore, the rule requires that averments of time and place shall be specifically stated: Subparagraph (f) of rule 1019.

In this case, plaintiff has set forth the material facts of his case in a proper manner. He has not, however, stated when and where the oral agreement was made. There is no doubt in our minds that the better practice is to plead the time and place an agreement is made. Most form books suggest this. See 1 Dunlap-Hanna Penna. Forms, sec. 303.5. The issue, however, is whether, in this case, we should compel plaintiff to amend his complaint and allege these facts.

Since the introduction of our extensive and liberal

rules of discovery, the scope of the motion for a specific complaint has been considerably narrowed. In general, when a plaintiff states a case in a manner that fully advises defendant of the nature of the case and of the matters he will be confronted with at trial, defendant should seek discovery if he needs more information to prepare his answer. The disposition of preliminary objections is time consuming. It involves the preparation of briefs, oral argument and it consumes a judge's time writing meaningful opinions. On the other hand, discovery may be had as a matter of right, and promptly.

We do not mean to suggest that preliminary objections of this nature are obsolete because of the discovery rules. Quite to the contrary. Where, as here, time and place may be significant to a preliminary disposition of the case, the motion is proper. Thus, if the place where the cause of action arose is such that the court does not have venue or a determination of conflict of laws may be involved, the court should require an amended pleading. Further, if the time of an occurrence may be controlled by a statute of limitations, the averments should be required.

In the present case, venue is no problem. An assumpsit action is transitory and may be sued upon in any county in which defendant may be served regardless of where the contract was made or to be performed: Pa. R. C. P. 1006. It is immaterial that the cause of action arose in another State. 2 Anderson Pa. Civil Practice, p. 331. The sheriff's return endorsed on the complaint shows that service was made upon defendant in Lebanon County.

The place where the agreement sued upon may be material if there would be a different legal result depending upon where the agreement was made. This may or may not be a problem in this case. The agree-

ment in controversy is between a New York corporation and defendant concerning a public offering of its stock through a New York underwriter. It is more likely than not that the agreement was made in New York rather than at defendant's residence on South Lincoln Avenue in Lebanon, Pa. If what we suspect is true, New York law governs the making of the agreement. In this case we must, then, regard the allegation of place as material and order it to be pleaded.

Inasmuch as we shall require plaintiff to amend his complaint to plead the place where the contract was made, it will prevent further dilatory proceedings if we require him to also plead the time the agreement or agreements were made. For an excellent treatment of the subject of pleading time, see 2 Anderson Pa. Civil Practice, p. 218, et seq.

## ORDER

And now, to wit, July 18, 1972, defendant's preliminary objections are sustained in part and plaintiff is ordered to file an amended complaint in accordance with the foregoing opinion within 30 days.